UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-00154-RJC-DCK

| | |
|---|---|
| PHILLIP DUANE CARRIKER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF THE )<br>TREASURY, )<br>COMMISSIONER OF THE INTERNAL )<br>REVENUE SERVICE, AND )<br>UNITED STATES OF AMERICA )<br>)<br>Defendants. ) | **ORDER** |

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss in part, (Doc. No. 7); Plaintiff's Response, (Doc. No. 9); the Magistrate Judge's Memorandum and Recommendation (M&R), (Doc. No. 10); and Defendant's Objections, (Doc. No. 11).[1]

I.  BACKGROUND

According to the Complaint, Plaintiff served on the board of directors of a non-profit medical clinic. (Doc. No. 1 at 1-2). After the executive director failed to pay payroll taxes for employees of the organization, Defendant Internal Revenue Service (IRS) assessed penalties against Plaintiff. (Id. at 2-3). Plaintiff appealed through the IRS administrative process, resulting in a reduction of the amount of penalty. (Id. at 4-5).

This action followed in which Plaintiff seeks: (1) abatement of the penalties; (2) return of funds held by the IRS; (3) reimbursement, pursuant to 26 U.S.C. § 7430, of (a) legal fees related

---

[1] Plaintiff has not responded to the objections, and the time for doing so has expired. Fed. R. Civ. P. 72(b)(2).

to the IRS administrative appeal; (b) legal fees related to defending his license before the North Carolina CPA Licensing Board; and (c) legal fees and expenses for the instant action; (4) interest on funds held by the IRS and reimbursable fees; and (5) payment of hourly fees, pursuant to § 7430, for Plaintiff's own efforts in the matter. (Id. at 5-6). Defendants answered by filing the instant Motion to Dismiss conceding the merits of the case but disputing some of the fees sought by Plaintiff. Specifically, remaining in dispute are Plaintiff's claims (3)(b) for legal fees incurred during proceedings before the North Carolina licensing board; (3)(c) for costs of this judicial proceeding; and (5) for fees for his own efforts. (Doc. No. 7: Motion at 7).

After Plaintiff responded to the motion, the Magistrate Judge found that Defendants' motion was premature as the case involved unusual circumstances and recommended that discovery proceed on all fee claims without prejudice to Defendants to re-file a motion to dismiss at a later date. (Doc. No. 10: M&R at 3). This Court finds, after a de novo review of the record as detailed below, that Plaintiff's claims (3)(b) for legal fees incurred during proceedings before the North Carolina licensing board and (5) for fees for his own efforts may not be awarded under 26 U.S.C. § 7430; therefore, Defendants' Motion to Dismiss will be granted as to those claims, but denied as to claim (3)(c) for costs of this judicial proceeding.

II.     STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) and (B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

III.   DISCUSSION

Defendants' motion does not identify a statutory or procedural basis for dismissal, but sounds most like the assertion of a defense under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants do not dispute the facts underlying Plaintiff's claims for fees which remain in dispute, and the parties agree that 26 U.S.C. § 7430 governs the award of any fees for this type of case. (Doc. No. 1: Complaint at 6; Doc. No. 7: Motion at 7). Thus, the resolution of Defendants' Motion to Dismiss is purely a question of law.

A.   Fees for North Carolina Board Proceeding

Plaintiff alleges he was forced to defend his CPA license before the state board because of the manner in which the IRS handled the administrative stage; thus, he is entitled to reimbursement for legal fees associated with that action. (Doc. No. 9: Response at 3). Section 7430(a) provides that the prevailing party may be awarded costs "[i]n any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any … penalty under this title …" Based on the facts alleged by Plaintiff, the proceeding before the state board was not an administrative or court proceeding brought by or against the United States in connection with the disputed penalty. Therefore, no fees in that collateral matter are recoverable under § 7430 and Plaintiff's claim 3(b) will be dismissed.

B.   Fees for Court Proceeding

As noted above, the statute provides costs for the "prevailing party," but it contains an exception when the Government establishes that its position in the proceeding was "substantially justified." 26 U.S.C. § 7430(c)(4)(B)(i). Citing Grant v. Comm'r, 103 F.3d 948 (11th Cir. 1996) and Huffman v. Comm'r, 978 F.2d 1139 (9th Cir. 1992), the Government argues that its

3

concession of the merits of Plaintiff's penalty dispute was substantially justified, barring his claim 3(c) for payment of costs for this court proceeding. (Doc. No. 11: Motion at 4).

In Grant and Huffman, the circuit courts ruled that the reasonableness of the Government's positions in the administrative and judicial proceedings are considered separately and the Government's position in the judicial proceeding is determined at the filing of its answer. Grant, 103 F.3d at 952; Huffman, 978 F.2d at 1146, 1148. The Ninth Circuit went on to recognize case law holding that "if the Government concedes the petitioner's case in its answer, its conduct is reasonable." Huffman, 978 F.2d at 1148 (citing Bertolino v. Comm'r, 930 F.2d 759, 761 (9th Cir. 1991)). That decision has been criticized, however, by the Fifth Circuit which reads § 7430 to allow "tax litigants to recover the costs of a civil proceeding they never should have been required to litigate." Hanson v. Comm'r, 975 F.2d 1150, 1156 (5th Cir. 1992). Instead, that appellate court considers the Government's concession as one factor in deciding whether its overall position was substantially justified. Id.

The Government has not shown that the Fourth Circuit has adopted the seeming per se rule of the Ninth Circuit; rather, Bowles v. United States, 947 F.2d 91, 94 (4th Cir. 1991), directs district courts to consider factors from the statute's legislative history along with "all the facts and circumstances surrounding the proceeding," in deciding whether the Government's position is substantially justified. Therefore, this Court cannot conclude as a matter of law that the Government's concession of Plaintiff's penalty dispute bars recovery of the costs of this court proceeding, and the Motion to Dismiss will be denied as to claim 3(c).

C. Fees for Plaintiff's Own Efforts

Finally, Plaintiff asserts that he should be compensated for the hours he worked as a skilled tax accountant in support of the attorney he hired during the administrative proceeding

4

because that mitigated the amount the attorney would otherwise have billed. (Doc. No. 9: Response at 3-4).  Section 7430(c)(1)(B) includes as administrative and litigation costs the reasonable expenses of expert witnesses and fees incurred for the services of attorneys.  The Fourth Circuit has interpreted this provision to exclude reimbursement for self-help because a person's own time does not "incur" any debt to pay. United States v. McPerson, 840 F.2d 244, 245 (4th Cir. 1988).  Although that case involved an attorney who acted pro se in his own case, the court opined that "this statute cannot possibly be stretched to pay the accountant" who devotes time to his own defense. Id.  Therefore, the Court will dismiss Plaintiff's claim (5) for fees for his own efforts in disputing the penalty.

## IV.     CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss in part, (Doc. No. 7) is **GRANTED in part** and **DENIED in part.**  Specifically, Plaintiff's claims 3(b) for fees for the state board proceeding and (5) for his own efforts are **DISMISSED.**  Plaintiff's claim 3(c) for costs for this court proceeding and conceded claims (1), (2), and (4) may proceed.

Signed: February 5, 2015

Robert J. Conrad, Jr.
United States District Judge