UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-00154-RJC-DCK

| PHILLIP DUANE CARRIKER, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES OF AMERICA, | ) **ORDER** |
| Defendant. | ) |

**THIS MATTER** comes before the Court on the United States' (the "Government") Motion for Partial Summary Judgment, Supporting Memoranda, and Exhibits, (Doc. Nos. 18 to 18-10, 22), and Plaintiff Phillip Duane Carriker's ("Plaintiff") Response in Opposition, (Doc. No. 19). This matter is ripe for adjudication.

## I. BACKGROUND

The facts are summarized in the Court's February 5, 2015 Order on the Government's Motion to Dismiss (the "MTD Order"), (Doc. No. 12); therefore, the Court adds only the following for clarification. In this action, Plaintiff seeks the following: (1) the abatement of Trust Fund Recovery Penalties (the "Penalties"); (2) the return of funds held by the Internal Revenue Service ("IRS") that Plaintiff paid toward the Penalties; (3) the reimbursement, pursuant to 26 U.S.C. § 7430, of (a) legal fees related to Plaintiff's IRS administrative appeal; (b) legal fees related to defending his Certified Professional Accountant's ("CPA") license before the North Carolina CPA Licensing Board; and (c) legal fees and expenses incurred in litigating the instant action; (4) interest on (a) Plaintiff's funds held by the IRS and (b) reimbursable fees;

and (5) payment of hourly fees, pursuant to § 7430, for Plaintiff's own efforts in the matter. (Doc. No. 1: Complaint at 5–6).

Regarding the fees and costs Plaintiff has incurred, the undisputed evidence shows that Plaintiff incurred 22.3 hours of work for an attorney who represented him in his administrative appeal before the IRS. There is also undisputed evidence that Plaintiff incurred a $750 fee from an attorney who assisted in drafting the Complaint in this suit and that he paid a $400 filing fee when filing the suit.

In its Motion to Dismiss, (Doc. No. 7), the Government conceded the merits of this case and only disputed some of the fees sought by Plaintiff. In its MTD Order, the Court found "that Plaintiff's claims (3)(b) for legal fees incurred during proceedings before the North Carolina licensing board and (5) for fees for his own efforts may not be awarded under 26 U.S.C. § 7430;" therefore, the Government's Motion to Dismiss was granted as to those claims. (Doc. No. 12 at 2). Subsequently in its Answer, filed on February 10, 2015, the Government again conceded to claims (1), (2), and (4)(a) of Plaintiff's Complaint. (Doc. No. 13). Since then, the Government satisfied these claims by abating the Penalties, refunding the amounts Plaintiff paid toward the Penalties, and paying interest on the refunded amounts according to 26 U.S.C. § 6621. (Doc. No. 18-1 at 1, 3). Plaintiff confirmed these actions by the Government and acknowledged that these claims have been satisfied. (Doc. No. 19 at 2). Therefore, Plaintiff's claims (1), (2), and (4)(a) shall be **dismissed as moot**.

Therefore, the only claims remaining in dispute are Plaintiff's claims (3)(a) for the reimbursement of legal fees related to Plaintiff's IRS administrative appeal, (3)(c) for the reimbursement of legal fees and expenses incurred in litigating the instant action; and (4)(b) for interest on reimbursable fees. The Court addresses each in turn.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id. The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). This "burden on the moving party may be discharged by 'showing'— that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Once this initial burden is met, the burden shifts to the nonmoving party, which "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250. The nonmoving party may not rely upon mere allegations or denials of allegations in the pleadings to defeat a motion for summary judgment, rather it must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Id. at 248; accord Sylvia Dev. Corp. v. Calvert Cnty., Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci v. DeStefano, 557 U.S. 557, 586

(2009) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. Anderson, 477 U.S. at 248-49. "If the evidence is merely colorable or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted).

### III. DISCUSSION

Neither party disputes any material fact of this case, and the Court concludes that there are no genuine disputes as to any material fact for trial.[1] Therefore, the resolution of this matter is purely a question of law and is appropriately decided upon the Government's Motion for Summary Judgment.

    A.    Claim (3)(a) for the reimbursement of legal fees related to Plaintiff's IRS administrative appeal

The Government does not contest the award of legal fees incurred by Plaintiff related to his administrative appeal before the IRS. The only question remaining on this issue, therefore, is the amount of the award. Plaintiff argues that he is entitled to an award of fees at a rate higher than that set by statute so that he is "financially restored" with the actual amount he spent in legal fees. The Government counters that Plaintiff is only entitled to recover legal fees at the rate set by statute.

---

[1] Plaintiff asserts that this case remains in the discovery phase because the Government has refused to provide documents that he requested. Based upon this assertion, Plaintiff "protest[s]" the Government's Motion for Summary Judgment and argues that it is premature. (Doc. No. 19 at 2–3). Plaintiff's argument, however, is misplaced and does not suffice to raise a dispute as to any material fact. Pursuant to Federal Rule of Civil Procedure 56(b), "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." According to the Court's Scheduling Order, (Doc. No. 15), discovery ended in this case on August 23, 2015, and the deadline for motions for summary judgment was September 23, 2015. Consequently, the Government's Motion for Summary Judgment, which was filed on August 14, 2015, is timely and appropriate at this stage in the case.

Section 7430 of the Internal Revenue Code provides for the award of reasonable litigation and administrative costs, including attorneys' fees, to the prevailing party in "any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under" the Internal Revenue Code. 26 U.S.C. § 7430(a). A party is not considered the prevailing party, however, if the Government's position in the proceeding was substantially justified. § 7430(c)(4). Furthermore, the statute sets the rate of attorneys' fees at $125 an hour, adjusted for cost-of-living. The statutory rate, adjusted for cost-of-living, was $180 for fees incurred in 2011 and 2012, and $190 for fees incurred in 2013 and 2014.

A fees award cannot exceed the statutory amount unless the Court "determines that a special factor, such as the limited availability of qualified attorneys for such proceeding, the difficulty of the issues presented in the case, or the local availability of tax expertise, justifies a higher rate." § 7430(c)(1)(B)(iii). "The novelty and difficulty of the issues, the undesirability of the case, the work and the ability of counsel, the results obtained, and customary fees and awards in other cases, are factors applicable to a broad spectrum of litigation and do not constitute special factors" justifying a higher rate. 26 C.F.R. § 301.7430-4(b)(3)(iii)(B) (emphasis added).

The Court finds that the Government's position related to Plaintiff's administrative appeal of the Penalties was not substantially justified and that Plaintiff is the prevailing party; therefore, Plaintiff is entitled to an award of fees. However, Plaintiff has failed to provide any evidence of the existence of any special factor justifying an award of attorneys' fees at a rate higher than the statutory rate. Consequently, the Court finds that Plaintiff's fees award shall be at the statutory rate, and the Government's Motion for Summary Judgment is **granted** as to this

issue.  Plaintiff shall be awarded fees for 22.3 hours of attorney work that he incurred at a rate of $190 per hour, resulting in a fees award of $4,237.00.

      B.    Claim (3)(c) for the reimbursement of legal fees and expenses incurred in litigating the instant action

Plaintiff also seeks to recover legal fees and expenses associated with litigating the instant action.  Again, the Government does not contest the award of fees and costs incurred by Plaintiff in preparing and filing his Complaint; however, the Government argues that Plaintiff is not entitled to any attorneys' fees or costs he may have incurred after filing his Complaint.

The Court already stated in its MTD Order that 26 U.S.C. § 7430 excludes reimbursement for self-help because a person's own time does not "incur" any debt that must be paid.  (Doc. No. 12 at 5).  The statute does not apply to reimburse the accountant, or any citizen acting pro se, for the time he devotes to his own defense.  United States v. McPherson, 840 F.2d 244, 245 (4th Cir. 1988).  Plaintiff is proceeding pro se in this action against the Government.  He has provided proof only of a $750 fee that an attorney charged him to assist in drafting the Complaint and the $400 cost for filing the suit.  Therefore, absent the $400 filing cost and the $750 fee, the Court finds that Plaintiff has not incurred any fees or costs associated with this action.

Although Plaintiff has not put forth any evidence of attorneys' fees incurred after filing his Complaint, to the extent he has incurred such fees, the Court finds that the Government's position in this action was substantially justified.  Therefore, Plaintiff is not entitled to recover any fees incurred after the filing of his Complaint.  Accordingly, the Court will award Plaintiff the $400 filing cost and the $750 fee he incurred in preparing and filing his Complaint and **grant** the Government's Motion for Summary Judgment as to this issue.

C. Claim (4)(b) for interest on reimbursable fees

Plaintiff's final remaining claim seeks to recover interest on any attorneys' fees to which he is entitled. Congress, when drafting section 7430, did not allow for the payment of interest on attorneys' fees. The Supreme Court has held that, absent explicit statutory authority, statutes authorizing the award of reasonable attorneys' fees do not permit awards of interest on those fees. Library of Cong. v. Shaw, 478 U.S. 310, 318–19 (1986). Therefore, the Court finds that Plaintiff cannot recover interest on any attorneys' fees award, and this claim must be **dismissed**.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Government's Motion for Partial Summary Judgment, (Doc. No. 18), is **GRANTED**;
2. Plaintiff's claims (1), (2), and (4)(a) are **DISMISSED as moot**;
3. Plaintiff's claim (4)(b) for interest on reimbursable fees is **DISMISSED**;
4. Plaintiff shall be awarded **$4,237.00** for his claim (3)(a) for the reimbursement of legal fees related to his IRS administrative appeal; and
5. Plaintiff shall be awarded **$1,150.00** for his claim (3)(c) for the reimbursement of legal fees and expenses incurred initiating litigation in this action.

The Court finds there is no just reason to delay the entry of this judgment, and therefore, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court directs the Clerk of Court to enter this Order as the final judgment in this action and to close the case.

Signed: November 23, 2015

Robert J. Conrad, Jr.
United States District Judge